**Balwinder SINGH, Plaintiff–Appellee,**

v.

**KINGS POINT POLICE DEPARTMENT,** Jeffrey P. Hartlieb, Michael C. Kalnick, Richard Sokolov and Jack Miller, Defendants–Appellants,

**Nassau County Police Department and James Cordara, actual first name presently unknown, Defendants.**

**Docket No. 02–7708.**

United States Court of Appeals, Second Circuit.

April 21, 2003.

Michael J. Resko, New York, New York, for Plaintiff–Appellee.

Brian S. Sokoloff, Miranda & Sokoloff, LLP, Mineola, New York, for Defendants–Appellants.

Present: NEWMAN, POOLER, and KATZMANN, Circuit Judges.

### SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

In February of 1997, the Kings Point Police Department hired Balwinder Singh ("Plaintiff–Appellee"), an American citizen who was born in Punjabi, India, as a probationary police officer. As part of his probation, Plaintiff–Appellee was required to complete the training course at the Nassau County Police Academy ("the Academy"), which trains police officer candidates for the individual police departments within the county. On January 12, 1998, the Kings Point Police Department decided to terminate Plaintiff–Appellee, allegedly based upon his performance at the Academy. Plaintiff–Appellee contends that his performance, as compared to that of the other recruits, did not justify his termination. He contends that the Academy fostered a racially hostile work environment and that he suffered disparate treatment based upon his race. Plaintiff–Appellee filed suit against the Kings Point Police Department, three commissioners on the Board of Police Commissioners of the Village of Kings Point, and Lieutenant Jack Miller, the commanding officer of the Kings Point Police Department (collectively, "Defendants–Appellants"). Plaintiff–Appellee also sued the Nassau County Police Department and Sergeant James Cordara, his training officer at the Academy, who are not involved in this appeal.[1] Defendants–Appellants moved for summary judgment on the basis that there was no evidence of discrimination. The individual defendants-appellants also sought qualified immunity, arguing that, as a matter of law, they acted reasonably in terminating Plaintiff–Appellee because "the[ir] decisions were based upon the plaintiff's negative evaluations and consultations with Academy staff." The district court denied the motion.

On interlocutory appeal, the individual defendants-appellants argue that they are entitled to qualified immunity because they had neither control over the Academy nor knowledge of the alleged harassment. However, this argument was not presented to the district court and, although it might be an available defense as the case proceeds, the failure to present it below makes it unavailable as a ground for this interlocutory appeal. The argument that was presented in the district court—that the individual defendants-appellants reasonably relied on the Academy's evaluations of Plaintiff–Appellee's performance— is not presented on appeal. In these circumstances, we have no basis to disturb the rejection of the qualified immunity defense at this stage of the litigation, and we decline to consider the other aspects of the district court's decision.

---

1. The district court deemed the claims against the Kings Point Police Department and the Nassau County Police Department to have been filed against the respective municipalities.